## MONROE COUNTY v. LEE COUNTY.

LEE COUNTY: *Its indebtedness to parent counties—how recovered.*

> The counties contributing to the territory of Lee-county have no cause of action against her for her proportion of their respective debts until the proportion has been fixed as prescribed by the statute creating Lee county; and, if her county court fails to do its duty in fixing her proportion as prescribed by the statute, it may be compelled to perform it by mandamus. When the debt is fixed it becomes a debt to the old county, and not to the creditors. And if in acting, its decision be wrong, it can be corrected by appeal to the circuit court.

The liability of Lee to the old counties is not by contract, but by the will of the legislature; and they must pursue the course prescribed in the act, and Lee county will be held to a fair and reasonable performance of the duties imposed upon it.

APPEAL from *Lee* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*Wm. H. Smith,* for appellee:

Argued upon act creating Lee county, April 17, 1873.

Writ of mandamus only issues when there is no other adequate remedy; never, to correct an erroneous decision where error or appeal lies. *Hutt, ex parte,* 14 *Ark.,* 368; *Cheatham, ex parte,* 6 *Ark.,* 437.

A suit the proper remedy, in the county court, to have the claim audited. *Gantt's Digest, sec.* 595; *Jefferson County v. Hudson,* 22 *Ark.,* 595; *Chicot County v. Tilghman,* 26 *ib.,* 461; *Graham v. Parham,* 32 *ib.,* 694.

The debt of Monroe which had been novated, must be held as paid, so far as Lee county is concerned. She stands in the place of a surety for Lee. 8 *Ark.,* 494; 3 *ib.,* 216; 14 *ib.,* 276; 4 *ib.,* 506; 7 *ib.,* 348; 16 *ib.,* 72, 83, 291.

If judgment be rendered against Lee county it would stand as a debt antecedent to the constitution, to be paid by an annual levy of five mills. *High on Ex. Rem., sec.* 397; *Dillon on Municipal Corp., sec.,* 689; 4 *Wall.,* 435; 5 *ib.,* 705; 6 *ib.,* 481.

STATEMENT.

EAKIN, J. In June, 1878, before the passage of the act which prohibited suits against counties, the county of Monroe filed, in the county court of Lee, a statement setting forth that the latter county was indebted to her in the

sum of $24,477.13. The claim is based upon the sixth section of the act of 1873, which created Lee county. It is shown by the statement that Monroe county had taken all the steps prescribed by said act to fix the proportion of her debt which should fall upon the new county of Lee, a copy of which had been transmitted to the clerk of the Lee county court, and by him laid before said court for consideration. It proceeds to state that said court has "taken no action to adjust, and provide for the payment of, its proportion of said debt." Further showing that, subsequently, a supplementary statement had, in like manner, been made and transmitted, of a considerable debt which had been overlooked, and that both together constituted the claim against Lee to which Monroe was entitled under the act. It is not directly alleged that this also, was duly transmitted to the Lee county court, but, for the purposes of this decision, we may suppose that to have been intended. The facts are well set forth as to the proceedings of Monroe county, and are in accordance with the statute. Monroe county adopts the style of plaintiffs; and, as if her statements were an action, prays judgments against *defendant* for the full sum demanded, and other appropriate relief.

Lee county, adopting the style of *defendant*, demurred because the complaint was informal, and showed no cause of action. The county court sustained the demurrer and refused relief. Monroe county appealed to the circuit court. There, the demurrer was, by leave of court, amended, and set forth, as additional grounds for the demurrer, that the complaint showed no promise on the part of Lee county to pay, and that plaintiff, being the debtor, showed no joint liability; or, if so, it had not itself discharged the debt. The court sustained the demurrer, and,

plaintiff resting, dismissed the cause. From this, Monroe-
county appeals.

OPINION.

The sixth section of the act in question, after prescrib-
ing the steps to be taken by each of the old counties, to-
ascertain the proportion of their several debts which
should be imposed on the new county of Lee, provides
that "said amount and apportionment of indebtedness,
with a copy of all records and proceedings therein, shall
be transmitted by the clerk of said court to the clerk of
the county court of Lee county, who shall lay the same
before the county court of said county, at its next session
thereafter; and, *if found correct* by said court, the same
shall be entered of record in the record and proceedings of
said county, and the same shall thenceforward become and
be the debt of Lee county, to be paid by the inhabitants.
thereof and owners of property, *in such manner and at such
times* as the said county court may determine." In the-
foregoing quotation the county court has been substituted
for "board of supervisors."

This section comes now, the third time, before this court
for construction, and the regulation of the practice proper-
to execute its provisions.

In *Phillips County v. Lee County, 34 Ark., 240,* the county
court acted upon the transcript of the proceedings trans-
mitted from Phillips county, but allowed, and ordered to
be recorded, as its debt, a less amount than was shown by
the estimates transmitted from Phillips, and the county of
Phillips appealed from that action to the circuit court.
This was held to be good practice, and that an appeal lay,
and that the circuit court should have heard the matter
*de novo,* and rendered a judgment fixing the amount of

the indebtedness to be certified to the Lee county court, and there entered of record.

*Lee County v. Phillips County,* decided at the present term, was a case in which the latter had endeavored, by mandamus, to force the county of Lee to levy a tax, annually, not exceeding five mills on the dollar, to pay Phillips county the proportion of her indebtedness. It was held that the mandamus was *improperly granted,* because it was premature, being without notice, and too peremptory, inasmuch as something was left to the discretion of Lee county, as to the time and manner of its payment, and a fair exercise of that discretion depended upon her indebtedness to the old counties. But it was not intended to hold, and this court did not doubt but that mandamus, on proper notice, and proper showing of the reasonable nature of the demand, under the circumstances, was the proper mode of setting the court in motion and compelling action. When action is once taken, all errors may be corrected on appeal. If any matters are left to the discretion of the county court, the appellate courts can only see that the discretion is not abused.

LEE COUNTY: Its indebtedness to parent counties, how recovered.  There is no foundation for a claim or suit against the county of Lee until the debt has been fixed by the statutory method; and, if it fails to do its duty in contributing to that method, the sister counties can not consider that done which should be done, and dispense with it altogether. Nothing can be claimed or sued for until the debt is found to be correct and recorded. It then becomes a debt to the county, and not to the creditors.

By mandamus, the county of Lee can be compelled to act on the apportionment and proceedings transmitted to it through the clerk, and determine whether or not the account or statement be correct. If its decision be wrong, an appeal lies.

It is always to be remembered that any claim whatever of the old counties against the new, is matter of grace and public policy, and does not in any way come by contract. It depends on legislative will, and the old counties must seek their ends through the statutory channels, whilst the new county will, on its part, be held to a fair and reasonable performance of the duties imposed upon it.

The action was not the true remedy, and the demurrer was properly sustained.

Affirm the judgment.